Adam J Schwartz (SBN 251831)
adam@ajschwartzlaw.com
ADAM J SCHWARTZ, ATTORNEY AT LAW
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
P: (323) 455-4016

[Additional counsel appear on signature page]

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| WARREN INGRAM and LINDA JOHNSTONE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEST CAPITAL LENDING, INC.<br><br>Defendant. | Case No. 5:22-cv-3865<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Warren Ingram ("Mr. Ingram") and Linda Johsntone ("Ms. Johnstone"), by their undersigned counsel, for this class action complaint against Defendant West Capital Lending, Inc. ("West Capital") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

### I.  INTRODUCTION

1. <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone

marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff, individually and as class representatives for all others similarly situated, brings this action against West Capital for violations of the Telephone Consumer Protection Act,

47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including their own.

4. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

5. Plaintiff Ingram is an individual that, at all relevant times, was located in this District.

6. Plaintiff Johnstone is an individual that, at all relevant times, was located in this District.

7. Defendant West Capital Lending, Inc. is a California corporation with a registered agent of Financial & Legal Network, Inc. at 1932 E. Deere Ave Ste 220, Santa Ana, CA 92705.

## III. JURISDICTION AND VENUE

8. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

9. Personal Jurisdiction: This Court has personal jurisdiction over Defendant because their conduct at issue was sent into this District.

10. Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff Ingram's claims—namely, the illegal telemarketing at issue—occurred into this District.

11. Intradistrict Assignment: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff Ingram's claims—namely, the direction of the illegal telemarketing—occurred in this District.

## IV.   FACTS

**A.   The Enactment of the TCPA and its Regulations**

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.   Defendant's Unsolicited Telemarketing to Plaintiff**

17. Plaintiff Ingram is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's residential telephone number is (702) 612-XXXX.

19. That number has been on the National Do Not Call Registry since August of 2005 and it has not been removed from the Registry since that time.

20. Mr. Ingram uses the number for personal, residential, and household reasons.

21. Plaintiff Ingram never consented to receive calls from West Capital.

22. Plaintiff Ingram never did business with West Capital.

23. Despite this, the Plaintiff Ingram received multiple unsolicited text messages from the Defendant in December of 2021 and January of 2022.

24. The text messages were sent on December 21, 22, 2021 and January 2, 2022.

25. The text messages were from "John Aceves", who identified himself as with West Capital.

26. The text messages regarded a quote for lending options that Mr. Aceves had sent.

27. The text messages promoted the lending services of West Capital in each message.

28. Plaintiff Johnstone is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

29. Plaintiff's residential telephone number is (805) 657-XXXX.

30. That number has been on the National Do Not Call Registry since July of 2019 and it has not been removed from the Registry since that time.

31. Ms. Johnstone uses the number for personal, residential, and household reasons.

32. Plaintiff Johnstone never consented to receive calls from West Capital.

33. Plaintiff Johnstone never did business with West Capital.

34. West Capital contacted Ms. Johnstone with telemarketing calls on June 13 and June 27, 2022.

35. During the June 13, 2022 call, the Defendant identified themselves and asked if the Plaintiff was interested in a quote to refinance his home.

36. The Plaintiff said he was not interested and ended the call.

37. Despite this, the Defendant called again on June 27, 2022.

38. During this call, the Defendant used the same scripted questions as they did on the June 13, 2022 call.

39. The Plaintiff was solicited to purchase the Defendant's refinance services and asked further qualification questions such as what his house is worth, how much he owes and what credit score he has.

40. The Plaintiff then received a confirmation e-mail from the Defendant regarding the call from hpostell@WestCapLending.com.

41. Prior to filing this action the Plaintiffs contacted West Capital.

42. West Capital did not deny sending the text messages or calls and did not claim it had consent to send them.

43. Before directing their telemarketing to him, Defendant never did anything to confirm that Plaintiffs had provided prior express written consent to their telemarketing, and Defendant knew or should have known that Plaintiffs had not provided prior express written consent to receive telemarketing calls promoting Defendant's goods or services and that illegal telemarketing was conducted on behalf of Defendant.

44. The telemarketing alleged herein: (A) invaded Plaintiffs' privacy and solitude; (B) wasted Plaintiffs' time; (C) annoyed Plaintiffs; (D) tied up Plaintiffs' phone line; and (E) harassed Plaintiffs.

## V.   CLASS ACTION ALLEGATIONS

45. <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiffs bring this case on behalf of the Class (the "Class") defined as follows:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

46. Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

47. The Class, as defined above, is identifiable through telephone records and telephone number databases.

48. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

49. Individual joinder of these persons is impracticable.

50. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

51. Plaintiffs are a member of the Class and will fairly and adequately represent and protect the interests of the Class as they have no interests that conflict with any of the class members.

52. Plaintiffs and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

53. This class action complaint seeks injunctive relief and money damages.

54. There are numerous questions of law and fact common to Plaintiffs and members of the Class. These common questions of law and fact include, but are not limited to, the following:

      a.    whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

      b.    whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

      c.    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

55. Plaintiffs' claims are typical of the claims of the Class.

56. Plaintiffs' claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

57. Plaintiffs are an adequate representative of the Class because their interests do not conflict with the interests of the Class, they will fairly and adequately protect the interests of the Class, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

58. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

59. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly

more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

60. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

61. Plaintiffs repeat the prior allegations of this Complaint and incorporates them by reference herein.

62. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

63. Defendant's violations were negligent, willful, or knowing.

64. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiffs and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

65. Plaintiffs and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiffs as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

F. An award to Plaintiffs and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.


## VI. DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

## VII. SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from each of its other signatories.

RESPECTFULLY SUBMITTED AND DATED this 29th day of June, 2022.

By: */s/ Adam J Schwartz*

Anthony I. Paronich, *Pro Hac Vice Forthcoming*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Andrew W. Heidarpour, *Pro Hac Vice Forthcoming*
aheidarpour@hlfirm.com
HEIDARPOUR LAW FIRM, PPC
1300 Pennsylvania Avenue NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

*Attorneys for Plaintiff and the Proposed Classes*